```
                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF PUERTO RICO
```

IVY MELENDEZ-ARROYO          *
                             *
    Plaintiff                *
                             *
vs.                          *      CIVIL NO. 98-2395 (JP)
                             *
CUTLER HAMMER DE P.R., CO.   *
                             *
    Defendant                *
                             *

## FURTHER INITIAL SCHEDULING CONFERENCE ORDER

I. **INTRODUCTION**

The parties met with the Court on April 3, 2000, for a Further Initial Scheduling Conference ("ISC"), represented by counsel: Judith Berkan, Esq., for Plaintiff, Roberto Santana Aparicio, Esq. and Marisol Vega Cuoto, Esq., for Defendant.

II. **AGREEMENT OF THE PARTIES**

In addition to the stipulated facts set forth in the Initial Scheduling Conference Order, during the Further ISC the parties agreed on the following facts:

1. After February 14, 1997, Larry Cancel was no longer Plaintiff's supervisor.

2. On March 17, 1997, Roberto Irizarry replaced Plaintiff in the position of Accounting Manager of Toa Baja.

3. Pursuant to the charge filed with the Anti-Discrimination Unit, Plaintiff swore his charge on February 26, 1998; the



CIVIL NO. 98-2395 (JP)                    2

      date on the ADU filing stamp on the charge is March 4, 1998.

4.   Plaintiff visited Dr. Núñez for the first time on March 11, 1997. On even date, Dr. Núñez diagnosed Plaintiff with an adjustment disorder with mixed mood and prescribed some medications. In his notes, Dr. Núñez stated that Plaintiff had a history of mental illness and was using medications prescribed by Dr. Franceschini. Plaintiff stated that she felt discriminated and threatened by her boss. Plaintiff continued working after her March 11th visit to Dr. Núñez.

5.   On March 26, 1997, Plaintiff attended her second visit with Dr. Núñez. Dr. Núñez' notes state that Plaintiff presented a clinical picture much more intense, compatible with a major depression, and recommended three weeks of rest. Dr. Núñez issued a medical certificate attesting these observations.

6.   On April 1, 1997, Plaintiff's condition had improved as a result of medication. On April 10, 1997, Plaintiff's condition was the same as on April 1st.

7.   On April 13, 1997, Plaintiff's depression continued under control. Plaintiff had a daily difuse and floating anxiety with headaches. One of her medications

AO 72A
(Rev.8/82)

CIVIL NO. 98-2395 (JP)                          3

      (benzodiazepina) was corrected due to a poor compliance with medications.

8.  Plaintiff cancelled the September 27, 1997, appointment with Dr. Núñez. On October 4, 1997, Dr. Núñez considered that Plaintiff was developing a resistance to the treatment.

9.  On November 25, 1997, Plaintiff attended her next appointment with Dr. Núñez, who stated in his notes that Plaintiff presented a marked depressive picture. On even date, Dr. Núñez gave Plaintiff a medical certificate recommending that in view of an affective disorder, she be absent from work until January 19, 1998,

10.  On December 30, 1997, Plaintiff continued very depressed and Dr. Núñez explored the possibility that Plaintiff had suicidal ideas. Plaintiff denied having suicidal ideas.

11.  On January 15, 1998, Dr. Núñez filled Plaintiff's insurance papers. Two weeks later, on January 29, 1998, Plaintiff continued to be very anxious and preoccupied. The company nurse allegedly referred her to the State Insurance Fund. Plaintiff did not sleep or eat, her legs trembled, she lost weight, and constantly thought about her bad situation.

CIVIL NO. 98-2395 (JP)                4

12. On February 19, 1998, Plaintiff continued depressed and presented a psychomotor retard and anhedonia. In the month of March 1998, Plaintiff continued depressed with anhedonia. Plaintiff suffered from numerous muscular aches (head and shoulders), and tremors.

13. On August 16, 1998, the Social Security Administration determined that Plaintiff was entitled to receive monthly Social Security benefits starting in May 1998.

14. On February 9, 1998, Plaintiff's evaluation of the State Insurance Fund diagnosed Plaintiff with anxious traits despite being oriented in time, place, and person and having good immediate, recent, and remote memory.

15. At no relevant time was Plaintiff hospitalized in a mental institution.

16. Plaintiff received Defendant's old and new employee manuals. Defendant gave Plaintiff the new employee manual on February 8, 1997, six days before her transfer. On even date, a full day seminar was given at the Condado Plaza Hotel to all managerial employees regarding Eaton's policies and the new manual. Plaintiff attended this seminar.

17. Plaintiff did not read the new manual. During her deposition Plaintiff stated that the reason for not doing

CIVIL NO. 98-2395 (JP)                5

so was because the laws are the same and she knew the laws more or less, and she knew it was illegal to discriminate on the basis of race, origin, sex, and age.

18. Cutler Hammer's discrimination and equal employment policies are established in its manual. Westinghouse's manual was in effect until January 1997. In February 1997, the new Cutler Hammer manual was adopted and given to its employees.

19. Plaintiff also attended a full day seminar on Labor Law conducted by attorney Ruy Delgado-Zayas on October 24, 1993.

20. On February 14, 1997, Cancel and Human Resources Manager Luis Pizarro met with Plaintiff and informed her that she would no longer hold the accounting manager position.

21. Plaintiff was also told during this meeting that she would receive an increase in salary, her first in four years.

22. In a company document, the salary increase was characterized as a "merit increase".

23. The new position to which Plaintiff was assigned was created by the company exclusively for her. The position was eliminated after the Plaintiff was no longer with the company.

CIVIL NO. 98-2395 (JP)                 6

    24. Dr. Raúl Núñez has been Plaintiff's treating physician since March 11, 1990 to the present.

    25. Plaintiff's mother died on November 27, 1997.

    26. On January 28, 1998, Plaintiff's internist, Dr. Luis Raúl Padilla, diagnosed Plaintiff with a major depression at a psychotic level.

    27. By March 13, 1998, Plaintiff was suffering from muscular contractions as a result of her depression.

    28. In addition to suffering muscular contractions, by March 24, 1998, Plaintiff was suffering general fine tremors and her psychomotor retardation was marked.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are set forth in her ISC Memoranda and are hereby incorporated by reference.

### IV. DEFENDANT'S ALLEGATIONS

Defendant's allegations are set forth in its ISC Memoranda and are hereby incorporated by reference.

### V. CONTROVERTED FACTS AND ISSUES

    1. Timeliness of the Complaint

    2. Whether or not Plaintiff was subject to an adverse action in her employment as a result of her age.

AO 72A
(Rev.8/82)

CIVIL NO. 98-2395 (JP)                    7

## VI. PRELIMINARY ORDERS

1. During the Further ISC, the Court heard Defendant with regards to its Request of Hearing (**docket Nos. 75 and 76**). The Court hereby **DENIES** this motion.

## VII. WITNESSES

A. Plaintiff: The witnesses for Plaintiff have been listed in her first ISC memorandum and amended ISC memorandum filed in anticipation of the Further ISC. The Court hereby incorporates her list by reference.

B. Defendant: The witnesses for Defendant have been listed in its first ISC memorandum and amended ISC Memorandum filed in anticipation of the Further ISC. The Court hereby incorporates its list by reference.

Additional witnesses will not be allowed because this will create undue prejudice to the opposing party. If any party wishes to use any additional witnesses, it will be discretionary with the Court, provided that the parties state in writing on or before **August 17, 2000** the following information regarding each additional witness: name and address with a short statement as to the subject matter of their testimony, and proof that the names of these witnesses, or the fact that their testimony was decidedly material, was not known at the time of this Initial Scheduling Conference, and the reason why they were not known. In the case of a proposed expert witness, the

CIVIL NO. 98-2395 (JP)                                8

party requesting leave to amend the witness list shall also provide the expert's report to the Court and to the defendant within two weeks of the request, which must include all the information specified in Rule 26(2)(B) of the Federal Rules of Civil Procedure and any information requested in the Initial Scheduling Conference Call. If any party decides not to use a witness listed herein at trial, it shall notify all other parties at least fifteen days before trial. Failure to provide such notice may result in sanctions, including an instruction to the jury that it may presume that the party did not call the witness to testify at trial because the witness' testimony was adverse to its case.

Noncompliance with this Order will result in such witnesses not being allowed to testify at trial. The Court expressly reserves its decision as to whether the reasons given constitute good cause shown to rebut the presumption that these witnesses should be excluded. The party informing new witnesses must produce them at its own cost for depositions to be scheduled by the other party, to be taken within two weeks if it so desires.

**VIII. DOCUMENTARY EVIDENCE**

    A.   Plaintiff: Plaintiff has listed her documentary evidence in her ISC Memoranda. The Court hereby incorporates this list by reference.

CIVIL NO. 98-2395 (JP)                            9

    B.    Defendant: Defendant has listed its documentary evidence in its ISC Memoranda. The Court hereby incorporates this list by reference.

No other documents will be admitted without leave of Court. If any party wishes to use any document not listed herein, it must serve the document on all other parties and notify the Court of its intent to use the document, explaining its relevance and why its existence or materiality was not known at the time of this Conference, on or before **August 17, 2000**. The Court expressly reserves its decision as to whether any document not specifically listed in this Order will be admitted.

**IX. DISCOVERY**

The parties have agreed that they will conduct only the following discovery:

    A.    Plaintiff

        1.    Depositions: (to be taken at the offices of Plaintiff's attorneys)

            a.    Larry Cancel - June 19, 2000

            b.    Elba Ayala - June 22, 2000

            c.    Tarcilla Ballester - June 22, 2000

            d.    Myrta Rivera - August 1, 2000

            e.    Teresita Rivera - August 1, 2000

            f.    Jason Hume - August 3, 2000

CIVIL NO. 98-2395 (JP)          10

        g.    Nayda Rosas - August 3, 2000

        h.    Roberto Irizarry - August 11, 2000

  B.    Defendant

      1.    Depositions: (to be taken at the offices of Defendant's attorneys)

        a.    Esther Meléndez - June 27, 2000

        b.    Luis Aponte - June 29, 2000

        c.    Michael Iglesias - June 29, 2000

        d.    Ivy Meléndez Arroyo - June 30, 2000

        e.    Ivette Pagán - August 15, 2000

        f.    María Pagán - August 15, 2000

        g.    Dr. Ríos Cervantes - August 16, 2000

        h.    Nitza Torres - August 16, 2000

All depositions are taken day-to-day until finished. All the discovery the parties are to conduct has been scheduled herein with their knowledge and consent. Unless the parties agree otherwise, depositions that begin in the morning shall break for lunch at 12:30 p.m. and shall resume at 1:30 p.m. No further discovery is to be allowed without leave of the Court, and if leave is granted, the rules as herein stated apply to this further discovery. If any other judge schedules anything for the same date as any of the scheduled depositions, the attorney is to inform that judge that by order of this Court the depositions in this case have already been scheduled

CIVIL NO. 98-2395 (JP)                    11

and that this Order because it was entered first takes precedence over the others. The Court includes this section as part of the foregoing Order after having been brought to the Court's attention by an attorney in De Jesús Colón, et al. v. Toledo Dávila, et al., Civ. No. 99-1511(JP).

### X. JOINDER AND DISPOSITIVE MOTIONS

Any motions for joinder of parties, for amendment of pleadings or third-party complaints must be filed on or before **April 29, 2000**. In addition, the Court **GRANTS** until **September 20, 2000**, for the filing of any and all dispositive motions; if not filed by said date, the arguments thereunder shall be deemed waived. Responses shall be filed within on or before **October 10, 2000**. Non-compliance with any Order herein may result in the imposition of sanctions on the non-complying party, attorney, or both, which may include the imposition of a fine, or the elimination of any of the allegations of the complaint, the answer, or any pleading.

### XI. SCHEDULE WITH THE COURT

Pretrial is **SET** for **November 17, 2000, at 4:00 p.m.** While at the Pretrial Conference, the attorneys are **ORDERED** to have their clients available by phone, under penalty of fine. Jury Trial is **SET** for **November 30, 2000 at 9:30 a.m.** Five working days prior to the date of trial, the parties shall: (1) submit proposed jury instructions, if any, together with citations of authorities in

AO 72A
(Rev 8/82)

CIVIL NO. 98-2395 (JP)				12

support of the proposed instructions; (2) meet and mark all exhibits to be offered at trial, for identification; and (3) notify the Court in writing whether any witnesses will require the assistance of an interpreter. Failure to comply with this Order is at the risk of the proponent of the evidence not submitted in accordance with the above requirements.

The dates specified herein were agreed to or otherwise ordered by the Court at the Conference and the parties have been informed by the Court that they have to comply with such schedule regardless of the fact that this Order, in its written form, may not be entered before the event. These dates shall not be changed. If changed, the same is at the risk of the party interested in the information or discovery and in no event shall affect the subsequent course of the action as scheduled herein. Fed. R. Civ. P. Rule 16.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of April, 2000.

JAIME PIERAS, JR.
UNITED STATES DISTRICT JUDGE

4-13-00 s/c
Jury Administrator