IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVY MELENDEZ-ARROYO, | |
| Plaintiff, | |
| vs. | CIVIL NO. 98-2395 (JP) |
| CUTLER HAMMER DE PUERTO RICO, CO., | |
| Defendant | |

## ADDITIONAL INITIAL SCHEDULING CONFERENCE CALL

### I.  INTRODUCTION

In view of the First Circuit's Opinion and Order in the instant case, <u>Ivy Meléndez-Arroyo v. Cutler-Hammer De P.R.</u>, 273 F.3d 30 (1st Cir. 2001), and pursuant to Rule 16 of the Federal Rules of Civil Procedure, which requires the Court to schedule and plan the course of all litigation to achieve just, speedy, and inexpensive determinations, it is hereby ORDERED that Counsel meet with the Court in chambers located at Suite 353 U.S. Courthouse and Post Office Building, 300 Recinto Sur Street, San Juan, Puerto Rico on **April 25, 2002, at 4:00 p.m.**, for an Initial Scheduling Conference ("ISC"). **The Court urges the parties to read the orders contained in this Call carefully.  Failure to comply will result in stiff penalties, including but not limited to the entry of default, the dismissal of one or more claims or defenses, barring of witnesses or evidence, or monetary sanctions.** <u>See</u> Fed. R. Civ. P. 16(f).

This Call and the Court's entire ISC regime extend from the philosophy of our adversarial judicial system as a method for

CIVIL NO. 98-2395 (JP)                                    2

reaching the truth. Under our adversarial system, the truth is often a flexible entity. The lawyers obtain their respective versions of the truth from different sources with different perspectives and different motives. Nevertheless, our judicial system and this Court in particular believes that the search for the truth must be a common enterprise, and in order to obtain the clearest picture of the truth, the attorneys and the Court must understand the positions of each party and the evidence the parties plan to use in support of those positions. When the lawyers and the Court fully comprehend each party's position and evidence, each can make a realistic and comprehensive evaluation of the truth. Only then can the value of each party's position be fairly assessed in terms of litigation costs, jury appeal, potential liability, and collectability of judgment. The Court considers the ISC to be an extremely important phase of any litigation before it and strongly recommends that lead counsel for each party should attend.

**II. ORDERS**

    A.  Pursuant to Federal Rule of Civil Procedure 26(f), as amended effective December 1, 2000, the parties are hereby **ORDERED**, as soon as practicable, **but no later than twenty-one (21) days prior to the Initial Scheduling Conference**:

        1)   to confer to consider the nature and basis of their claims and defenses, and to explore the possibilities for a prompt settlement or resolution of the case; and

CIVIL NO. 98-2395 (JP)                    3

2) to make or arrange for the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, as amended effective December 1, 2000:

   (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

   (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

   (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

   (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may

CIVIL NO. 98-2395 (JP)                4

> be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.
>
> B. The parties are further **ORDERED** to come to the ISC prepared to:
>
> 1) disclose all material facts and bring forth evidence to show such facts;
>
> 2) enter into stipulations of fact;
>
> 3) inform the Court of the legal contentions of the parties and their theories of the case, with citations to statutes and case law (see Ramírez Pomales v. Becton Dickinson & Co., 839 F.2d 1, 3-6 (1st Cir. 1988));
>
> 4) answer all interrogatories;
>
> 5) announce all documentary evidence;
>
> 6) announce all witnesses, including experts, along with a description of each witness' propose testimony;
>
> 7) schedule dates for taking all depositions;
>
> 8) assess any damages claimed;
>
> 9) discuss settlement;
>
> 10) set a deadline for dispositive motions, amendment of the pleadings, and joinder of parties; and
>
> 11) set dates for the Pretrial Conference and Trial.

Prior to the ISC, the parties **SHALL** index all documentary evidence by page and number and state the materiality and relevance of each record. The index **SHALL** be signed and dated by the attorney offering it and the attorney receiving it. Further, as the Court

CIVIL NO. 98-2395 (JP)                          5

should not be imposed upon to enter into the matter of credibility pertaining to whether or not the document index and/or documentary evidence were delivered or received by opposing counsel, the parties **SHALL** file this index with the Court on or before the date of the Initial Scheduling Conference. See Bonilla v. Trebol Motors Corp., No. 92-1795, 1997 WL 178844 at *26 - *30, (D. Puerto Rico, March 27, 1997) (Pieras, J.), rev'd in part, vacated in part by, and Bonilla v. Volvo Car Corp., 150 F.3d 88 (1st Cir. 1998). All hand-written documents or records **SHALL** be transcribed prior to filing said records with this Court. Further, all non-English language documentary evidence or records that a party wishes to use in this case **SHALL** be accompanied by a certified English language translation in accordance with Local Rule 108.1. The parties are cautioned that failure to file certified English translations with non-English language documents **SHALL** result in the Court disregarding all information premised on the none English language documents. See Local Rule 108.1; see also González Morales v. Hernández Arencibia, 221 F.3d 45, 50 n.4 (1st Cir. 2000) (finding that appellants had waived arguments premised on documents for which they had not provided translations); Rivera v. Hospital Interamericano de Medicina Avanzada, 125 F. Supp.2d 11, 14 (D. Puerto Rico 2000) (Pieras, J.).

The parties, especially the Plaintiffs, are warned that they will have a limited capacity to amend the witness and evidence lists they propose at the ISC. The Court strongly suggests that the parties investigate all possible evidence and witnesses prior to the ISC.

CIVIL NO. 98-2395 (JP)                 6

Moreover, as one of the objectives of the Conference is to simplify the issues and to reach agreements as to uncontroverted facts and accepted principles of law applicable to the case, counsel attending the Conference are expected to be conversant with the facts and the law so that they are able to enter into such agreements. <u>Counsel shall bring with them to the Conference copies of the transcripts of any depositions which have been taken, and interrogatories which have been answered prior to the time of the Conference</u>. Counsel should be thoroughly prepared to answer all interrogatories and questions pertaining the facts of the case so the parties can adduce all the facts and the Court can resolve any objections to interrogatories, prevent a subsequent flood of paper motions, and accomplish early case management effectively and efficiently. The fact that the other party has not answered interrogatories is not an excuse for counsel's inability to answer questions about the facts in the case. In addition, counsel should be prepared to respond to any other such queries as the Court may deem appropriate to discuss settlement prospects. <u>See</u> Pieras, <u>Judicial Economy and Efficiency Through the Initial Scheduling Conference: The Method</u>, 35 Cath. U. L. Rev. 943 (1986).

Moreover, to facilitate settlement negotiations, the attorneys are **ORDERED** to have their clients available by phone, under penalty of fine. As required by Rule 16(c) of the Federal Rules of Civil Procedure, "[a]t least one of the attorneys for each party participating in any conference before trial shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed."

Failure to participate in good faith, or participating while being substantially unprepared, are noncompliant acts under Rules 16(f) and 41(b) that may result in sanctions, including the payment of reasonable expenses incurred because of the noncompliance or fines levied upon attorneys personally, the dismissal of the complaint, the prohibition of certain witness's testimony and the admission of facts. See Boettcher v. Hartford Insurance Co., 927 F.2d 23 (1st Cir. 1991); Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991).

The Court will issue an Initial Scheduling Conference Order following the Conference which will set forth all matters covered during the Conference, including preliminary orders of the Court and a discovery schedule, setting dates for the taking of depositions, deadlines for dispositive motions, amendment of the pleadings, and joinder of parties. All orders issued during the Initial Scheduling Conference are effective immediately; the parties are responsible for complying with these orders regardless of when the Initial Scheduling Conference Order is entered. The Initial Scheduling Conference Order will also contain an itemized list of facts as to which no controversy exists. In finding that facts are uncontroverted, the Court will not limit its quest to the list of uncontroverted facts in the ISC memoranda. The Court will also examine the pleadings, documents filed with the Court, as well as the statements of the parties during the ISC, to find factual common ground between the parties. The parties are admonished that the Court will not look favorably upon capricious objections to its findings of no controversy. Parties shall only object to the Court's findings of

CIVIL NO. 98-2395 (JP)                                8

uncontroverted facts after thoroughly examining all documents, pleadings and their statements during the ISC and determining that a controversy of fact still exists. If a party wishes to object to the Court's findings of uncontroverted facts, he or she shall specifically support its contention that factual controversy exists by pointing out the documents that reflect controversy. The parties are on notice of the Orders of the Court as of the date of the Conference, however, and will not be excused from following an Order of the Court on grounds that they received a copy of the ISC Order after the date at issue has passed.

    C.    Each party must file, **on or before March 19, 2002**, a memorandum which (i) discusses the party's factual and legal contentions, (ii) sets forth proposed uncontested facts, (iii) lists the party's witnesses (fact and expert) and summarizes the nature of each witness' expected testimony, (iv) lists the party's documentary evidence and summarizes the contents of such evidence, (v) itemizes all the discovery (including interrogatories, requests for admissions, requests for production, and depositions) which the party wishes to conduct, and (vi) states when the initial disclosures required under Rule 26(a)(1), as amended effective December 1, 2000, were made. The parties are reminded that Rule 26(a)(1) requires that initial disclosures be made no later than fourteen (14) days after the Rule 26(f) conference is held, unless a party objects during the Rule 26(f) conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the memorandum. The parties are warned, however, that if the Court finds any such objection frivolous or lacking substantial merit, the party

CIVIL NO. 98-2395 (JP)                    9

raising such objection will be subject to sanctions, including but not limited to monetary sanctions against the attorney. The memoranda may also include any other matter(s) deemed appropriate.

The parties must exchange copies of their ISC memoranda, and courtesy copies of the ISC memoranda must be delivered to the Judge's chambers **on or before March 19, 2002**. Failure to do so will result in sanctions in the amount of $100.00 per day for every day a memorandum is late.

D. Unless already filed, answers to the complaint must be filed within ten (10) days of the date of the issuance of this ISC Call. Any such filing will not be deemed a waiver of any previously filed motions.

E. Any party wishing to use expert witnesses shall submit a report from each expert witness to opposing counsel and to the Court. Such report shall be signed by the expert and shall contain the expert's findings, the relation of cause and effect, and if dealing with a medical condition, a statement as to the diagnosis and prognosis. The Court expects that at least Plaintiff's attorney shall have these reports ready by the Initial Scheduling Conference. Each report shall also include:

    1) A complete statement of all opinions to be expressed by the expert and the basis for those opinions.

    2) The data or other information considered by the expert to form her opinions.

    3) Exhibits to be used to summarize or support the opinions.

CIVIL NO. 98-2395 (JP)              10

       4)    A curriculum vitae and an explanation of the expert's qualifications.

       5)    A list of all cases in which the expert testified at trial or by deposition in the last four years.

       6)    Disclosure by the expert of her business practice; whether the expert is a practicing physician, a scientist conducting research, or otherwise engaged. In general, is she a practicing professional in one particular area or is she engaged exclusively as an expert; if engaged as an expert, what percentage of her professional time is she so engaged.

The Court further advises the attorneys that the information the expert is to give cannot be sketchy or vague. If the report of the expert is not as described herein, the expert's testimony will not be permitted on direct examination.

    F.  **On or before May 16, 2002**, the parties **SHALL** file dispositive motions on the time bar issue. Both Plaintiffs and Defendants **SHALL** file said motions concurrently. No replies will be allowed.

    G.  The hearing on the time bar issue is hereby **set** to commence **on June 26, 2002 at 9:30 a.m.**. The hearing will not be continued solely because counsel have agreed to recommend a settlement. A hearing date will be passed only if a settlement has been firmly bound.

    H.  The Court firmly believes in the interplay of Rules 7, 11, 16, and 26 of the Federal Rules of Civil Procedure, which require increased lawyer responsibility coupled with a mandate to the Court

CIVIL NO. 98-2395 (JP)                    11

to increase the level of judicial management and control of litigation. All documents filed in this case will be read as if they contain a warranty as to quality and content. See Fed. R. Civ. P. 11. All filings must be prepared to the best of the lawyers' knowledge, information and belief, formed after reasonable inquiry. Sanctions will be imposed for the filings not well grounded in fact. Such sanctions may include dismissal of the Complaint. See Serra-Lugo v. Consortium-Las Marías, 271 F.3d 5 (1st Cir. 2001) (District Court did not abuse its discretion when it dismissed action with prejudice after repeated violations of its discovery orders and after having warned plaintiff of consequences of non-compliance).

**SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of February, 2002.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE